UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81391-CV-MIDDLEBROOKS/Matthewman

HUMAN RIGHTS DEFENSE CENTER,

    Plaintiff,

v.

MARK S. INCH, in his individual capacity and
in his official capacity as Secretary of the Florida
Department of Corrections, and JOSE COLON,
in his individual capacity and in his official capacity
as Warden of Everglades Correctional Institution,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Continue Trial Date, filed November 5, 2021. (DE 25). This matter is currently set for trial on this Court's two-week calendar commencing April 25, 2022. (DE 19). Plaintiff now seeks a six-month continuance of the trial date until October 2022. (DE 25). Defendants oppose the requested relief. The Motion fails to set forth good cause for the broad relief requested, and it is therefore denied.

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This schedule will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)). Further,

"[a] continuance of any trial . . . will be granted only on exceptional circumstances." S.D. Fla. Local Rule 7.6.

Here, Plaintiff attributes its need for a six-month continuance to the fact that Defendants have filed motions to dismiss which are pending, the generalized need for additional time to conduct discovery, and the possibility that one or both Parties may move for summary judgment.

The filing of a motion or motions to dismiss is not good cause for a six-month continuance, even if the issues involved in the motions are potentially case dispositive. I will rule on the Defendants' Motions to Dismiss in due course. As of this date, neither motion is yet ripe. Regardless however, the pendency of those motions shall have no impact upon the trial date or any of the litigation deadlines set forth in the Pretrial Scheduling Order. Going forward, to the extent Plaintiff is unable to meet a specific deadline, including the deadline to amend pleadings, Plaintiff may move for an extension of time as to that deadline and I will consider whether Plaintiff has set forth specific facts to establish good cause for its inability to comply with the Pretrial Scheduling Order. Such a motion will be granted if it is clear that Plaintiff cannot meet a particular deadline despite its exercise of diligence.

I am also not persuaded of the need to grant such broad relief based on vague references to perceived complexities which may or may not be involved in discovery and motions that may or may not be filed. Plaintiff does not identify any particular obstacle that, despite its diligence, would prevent it from litigating this matter under the current schedule. Instead, its Motion describes only *possible* obstacles (such as the possibility that expert testimony becomes necessary and the possibility that motions to compel might be filed) and contains generalized assertions about the need for more time to carry out routine discovery tasks (such as the taking of depositions). (DE 25

¶ 3). Generalized assertions that discovery is or may become complicated is not sufficient cause for continuances or extensions.

Additionally, Plaintiff's assertion that one or more Parties may move for summary judgment "which would require several weeks to brief and decide" is speculative at this time. (*Id.*). Pretrial motions are not due until February 24, 2022. (DE 27).

Again, either Party may move for an extension of time as to a specific deadline should a Party be unable to meet a particular deadline despite its demonstrable diligence. Any forthcoming motions for extensions of time should contain specific facts to justify the requested relief.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Continue Trial Date (DE 25) is **DENIED**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 8 day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record