IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



Human Rights Defense Center,
    Plaintiff,

                                    Case No.: 9:21-cv-81391

v.

Ricky Dixon, et al.,
    Defendant(s).
_____/

## MOTION TO INTERVENE

**COMES NOW**, Jacob Allen, DC# E47496 (Hereinafter "undersigned") pursuant to Rules 24(a)(2) or 24(b)(1)(B) of the Federal Rules of Civil Procedure and hereby respectfully requests that this Honorable Court allow him to intervene in the instant action. In support of this motion, undersigned would show this court as follows:

    1). Undersigned has a vested interest in certain portions of the subjects of the instant action. The Human Rights Defense Center ("HRDC") has filed this action challenging the Florida Department of Corrections ("FDOC") censorship of multiple publications including but not limited to: Prison Legal News, Criminal Legal News, and the subject of this particular motion: The Disciplinary self-help litigation manual.

    2). HRDC has initiated litigation against the FDOC claiming that censorship of **THEIR** publications pursuant to the censorship rules of the department-Rule 33-

1

501.401 F.A.C. et seq. – violates **THEIR** rights under the First and Fourteenth Amendments of the United States Constitution.

3). The HRDC has requested that this court declare Rule 33-501.401(15) F.A.C. unconstitutional as it applies to their publications. They have further requested that they be awarded nominal and compensatory damages of a sufficient amount to compensate [Them] for refusal to deliver past issues of [HRDC's] publications to inmate subscribers inter alia. See Complaint page 14-15.

4). The HRDC wants damages to be awards to them and wants the censorship rules of the department to be deemed unconstitutional as it is being applied to their publications. They have not requested that the prisoners who purchased their publications, such as the undersigned, be compensated by the department even though they were the ones who paid for publications that they did not receive because of unconstitutional censorship practices deployed by the department. Further, they have not moved to declare certain censorship practices of the department to be unconstitutional as applied to all publications but rather only to their own.

5). HRDC has moved to "[order] the FDOC to deliver all censored issues of [their] publications which have been withheld from inmate subscribers to their intended recipients." *Id*. This is a redundant request for relief because the policy of the department requires destruction of any rejected publications 30 days after the

date the literature review committee approved the rejection unless the intended inmate recipient sent it to a friend or family member at their own expense.

6). HRDC has not moved to compensate the prisoner whom paid for the publications that were censored by the department because of unconstitutional censorship practices, nor have they moved to require the department to pay for the replacement of all the publications that they have censored via unconstitutional censorship practices. The undersigned, as well as all other prisoners whom have been the subject of these unlawful censorships, have a vested interest in being compensated for the publications that they did not receive or these publications being replaced.

7). Further, HRDC has mentioned the censorship of the disciplinary self-help litigation manual pursuant to Rule 33-501.401(3)(g) F.A.C. "which authorizes impoundment of dangerous inflammatory material that encourages disruption of the institution [or] otherwise presents a threat to the security, good order, or discipline of the correctional system or the safety of any person." (See Complaint of HRDC pg. 50.

8). Undersigned was the individual whom had ordered the disciplinary self-help litigation manual in March 2020 while at Santa Rosa C.I. that was impounded and ultimately rejected pursuant to aforementioned Rule 33-501.401(3)(g) F.A.C. Undersigned did appeal the rejection of this publication but that appeal was

ultimately denied. Undersigned sent a copy of the "Notice of Impoundment or Rejection of Publication" and the following appeal of such rejection to HRDC.

9). HRDC has not challenged the application of Rule 33-501.401(3)(g) F.A.C. to censor its publications or any other publication. This rule of censorship is overbroad and allows the department to censor publications by stating that they are "encouraging of disruption or otherwise present a threat to the security, good order, or discipline of the correctional system or the safety of any person." They do not, however, show HOW the publications do this.

10). A perfect example of this practice is presented in the instant action. The copy of the disciplinary self-help litigation manual that was ordered by Plaintiff was rejected according to Rule 33-501.401(3)(g) and the first 15 pages were attached to show how the publication was violative of this rule. The department, however, DID NOT articulate how these pages were violative of the Rule. The Supreme Court has stated that official discretion in censorship must be guided by :Narrowly drawn, reasonable, and definite standard." See *Niemotko v. Maryland*, 340 U.S. 268, 271, 71 S.Ct. 325 (1951). Rule 33-501.401(3)(g) is not "narrowly drawn, reasonable and definite." It is overbroad and allows for the department to censor any publications they wish by merely stating that it encourages disruption or otherwise presents a threat to the security, good order, or

discipline of the correctional system or safety of any person without actually having to show that it does.

11). HRDC has moves to protect their own interests in this action but have not done so to protect the rights and interest of their customer base. The prisoners of the Florida Department of Corrections.

12). Rule 24(a)(2) states: "On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movants' ability to protect its interest, unless existing parties adequately represent that interest."

13). "This rule, therefore, requires a party seeking intervention of right to demonstrate that (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and, (4) his interest is represented inadequately by the existing parties to the suit." See *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (Citing *Athens Lumber Co. v. Fec*, 690 F.2d 1364, 1366 (11th Cir. 1982).

14). "Timeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility to

word both the court and the litigants if it is to be successfully employed to regulate intervention in the interests of justice." *Chiles* at 1213 (Quoting *McDonald v. E.J. Lavins Co.*, 430 F.2d 1065 (5th Cir. 1970). In considering whether a motion to intervene is timely filed, the court considers: (a) The length of time during which the proposed intervenor knew or reasonably should have known of its interests in the case before moving to intervene; (2) The extent of prejudice to the existing parties as a result of the proposed interveners failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) The extent of the prejudice to the proposed intervenor if its motion is denied; (4) and the existence of unusual circumstances mitigating either for or against a determination that its motion was timely. *Id.*

15).    This motion is timely. Undersigned only found out about the filing of the instant action of the HRDC against the department when they received a letter from the attorney of HRDC, Daniel Marshall, notifying them that HRDC was filing suit. (See Letter from HRDC attached as "Exhibit 1"). As the undersigned is currently a prisoner within the FDOC and has been so for nearly the past decade, including during the filing of the instant action. The undersigned could not reasonably have known about the filing of this action had they not been notified of it.

16). The undersigned, as well as other people incarcerated within the department, would be severely prejudiced if this request to intervene was not granted. HRDC has not moved to inhibit the department from unconstitutionally censoring all publications but only the publications that they publish. If the court was to rule in this action without the consideration of the entire plethora of unconstitutional censorship that the department is undertaking it could negatively affect/impair the undersigned or the other prisoners of the department to protect their interest of having the department follow constitutional guidelines whilst censoring publications.

17). As the undersigned, as well as other prisoners, have a direct vested interest in the outcome of this action as it will affect the way that the department moves to censor publications being sent to those within its custody and HRDC has not moved to protect this interest (i.e. moving to compensate prisoners who did not receive publications because of the department's unconstitutional censorship practices; moving to inhibit the department from possibly unconstitutionally censoring ALL publications rather than just its own.

18). As such the undersigned would move this court to not only allow the intervention of undersigned into this action but would respectfully request that his Honorable Court allow the interest of all prisoners within FDOC to be represented in this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, the undersigned respectfully requests that this Honorable Court order:

1). That the undersigned as well as all prisoners incarcerated within the Florida Department of Corrections have a vested interest in the outcome of the instant action and allow their intervention pursuant to Rule 24 Fed. R. Civ. P. as a class action pursuant to Rule 23 Fed. R. Civ. P.

Respectfully submitted,

Jacob Allen, DC# E47496
Wakulla Correctional Institution
110 Melaleuca Drive
Crawfordville, Florida 32327

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been placed in the hands of an institutional official for mailing to:

*Human Rights Defense Center*
P.O. Box 1151
Lake Worth Beach, Florida 33460

*Florida Department of Corrections*
*Office of General Counsel*
501 South Calhoun Street
Tallahassee, Florida 32399

*Executed* this 31 day of March, 2022.

_____
Jacob Allen, DC# E47496

