**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 21-cv-81391-MIDDLEBROOKS

HUMAN RIGHTS DEFENSE CENTER,

     Plaintiff,

v.

RICKY D. DIXON, et. al.,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR COSTS

THIS CAUSE is before the Court on Defendants' Motion to Tax Costs ("Motion") (DE 188-6) and Notice of Bill of Costs (DE 188), filed April 21, 2023. Plaintiff Human Rights Defense Center filed a Response on May 5, 2023, (DE 191), and the Defendants filed a Reply on May 12, 2023 (DE 192). Defendants seek $21,419.72 in costs, plus interest. For the reasons stated below, Defendants' Motion is granted in part.

Plaintiff filed this lawsuit on August 10, 2021, alleging that the Florida Department of Corrections ("FDOC") and several individuals violated the Plaintiff's First and Fourteenth Amendment Rights when they arbitrarily censored several of the Plaintiff's publications. On August 18, 2022, I granted the Defendants' Motion for Summary Judgment as to the individuals in their individual capacity on qualified immunity grounds. (DE 137, 144). I further granted Summary Judgment to all Defendants on four counts but denied the Motion for Summary Judgment as to all other counts. (*Id.*). From September 6 through September 7, 2022, I held a bench trial on Plaintiff's remaining claims. On March 9, 2023, I entered an Order detailing my legal

conclusions and findings of fact from the trial (DE 186). Within that Order, I dismissed Plaintiff's as-applied First Amendment challenge without prejudice for lack of subject matter jurisdiction, and I entered final judgment in favor of the remaining Defendants as to every other issue. (DE 187). Therefore, as the prevailing Parties, Defendants are entitled to costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citations omitted). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001) (citations omitted).

The costs that are recoverable from a losing party are delineated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides that a judge or clerk of any court of the United States may tax as costs the following: (1) "fees of the clerk and marshal"; (2) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; (3) fees related to "printing and witnesses"; (4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "docket fees"; and (6) "compensation of court appointed experts" and fees related to interpretation services. 28 U.S.C. § 1920(1)–(6). A court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440–44.

Defendants submitted a bill detailing the costs for which they seek reimbursement. (DE 188). The Plaintiff broadly objected to the Defendants receiving any costs, (DE 191), but specifically objected to costs for printing copies of discovery that were not necessary or reasonable, "convenience" costs associated with printing their own depositions and statement of material facts in support of their motion for summary judgment, and the costs of printing trial exhibits.

## I.    FEES FOR COPIES OF DISCOVERY

Defendants seek reasonable fees for copying thousands of pages for purposes of discovery, for use at the taking of two depositions, and for trial preparation. Section 1920(4) authorizes recovery of "the costs of making copies of any materials where the copies are necessarily obtained for use in this case." 28 U.S.C. § 1920(4). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (holding that copies of exhibits attributable to discovery are a category of costs recognized under § 1920(4)).

Defendants claim that they produced 30,485 pages throughout the case. Plaintiff argues that the Defendants fail to provide sufficient detail showing it was reasonably necessary for them to make a paper copy of every single page of discovery as discovery had been produced in electronic format. Further, Plaintiff argues that the majority of discovery it produced consisted of copies of past magazines that the Defendants already had physical copies of. However, Defendants attach an exhibit in their Reply indicating that Plaintiff did not respond until the day before trial to inform Defendants which magazine copies it intended to enter as evidence. (DE 192-3). Because Defendants did not know until the day prior to trial which exhibits that had been produced in

discovery would be offered by the Plaintiff at trial, I am inclined to find that it was reasonably necessary for Defendants to print all discovery exhibits.

However, it is true that Defendants essentially double-charge Plaintiff for the costs of printing the discovery exhibits. Defendants also list in their bill of costs charges for 8,940 pages of copies of documents that were potential exhibits at trial, but those exhibits were presumably the same documents that had already been produced and copied as part of discovery, which is already accounted for in the above calculation. Because Defendants do not explain this double charge, or effectively divide for the Court which documents had already been printed, I will not award the Defendants the $894.00 in costs associated with 8,940 pages of copies. (8,940 x $0.10).

Further, the Plaintiff objects to the fact that the Defendants charged for printing 987 pages when making a photocopy of their Statement of Material Facts in Support of their Motion for Summary Judgment along with the thirty-eight exhibits attached to the Statement. Defendants offer no argument in their Reply. I also am unpersuaded that these pages are "necessary" under § 1920(4) and will accordingly reduce their copying costs by $98.70 (987 x $0.10).[1] Therefore, in total, I will award the Defendants **$2,055.80** (20,558 x $.10) for copying fees.[2]

---

[1] It is true that in the past this Court has found a fee of $0.25 per page to be an appropriate charge for photocopying costs. *See Hubbard v. Fla. Dep't of Highway Safety & Motor Veh.*, Case No. 05-80996-Middlebrooks, 2006 WL 8435425 (S.D. Fla. Nov. 9, 2006). However, in this case, because some of the charges on Defendants' invoices for deposition exhibits are likely duplicative of the costs associated with printing discovery documents, discussed *infra*, I believe taxing the costs of these copies at the lower end of the spectrum is appropriate.

[2] Defendants also seek $617.50 for "printing fees" at a rate of $65.00 for 9.5 hours of printing. (DE 188-3). In support, Defendants represent that these printing costs were "necessary" because they "wanted to have quick access to a select few documents from among HRDC's voluminous exhibits, and enlarged those select few documents for ease of viewing by the witness and the Court, to compare advertisements in HRDC's publications at issue in the prior litigation between these parties with the advertisements in HRDC's publications at issue in this litigation." (DE 188-6).

## II.     FEES FOR WITNESSES

The Defendants submit all costs associated with two testifying witnesses during trial. The Plaintiff objects to Defendants' costs of meals for two witnesses that testified for Defendants. Specifically, Plaintiff objects to the Defendants' use of a per diem calculation method as opposed to requesting reimbursement based on actual expenses.

As an initial matter, fees associated with the testimony of witnesses, including meals and lodging, are taxable fees under 28 U.S.C. § 1920(3). The specific recoverable fees are controlled by 28 U.S.C. § 1821, which identifies transportation costs, overnight lodging expenses, and sustenance charges that are "not to exceed the maximum per diem allowance prescribed by the Administrator of General Services." 28 U.S.C. § 1821(d)(2). Generally, "[c]ourts look at the maximum per diem allowance based on the location where trial occurred and award *the lesser* of the maximum per diem amount or the amount paid/actually incurred." *Computer Program & Sys. Inc. v. Wazu Holdings, Ltd.*, No. CV 15-00405-KD-N, 2019 WL 1119352, at *3 (S.D. Ala. Mar. 11, 2019) (citations omitted); *Santana v. RCSH Operations*, LLC, No. 10-61376-CIV, 2012 WL 3779013, at *4 (S.D. Fla. Aug. 31, 2012) ("[T]he amount taxable is the amount actually paid or the statutorily defined amount, whichever is less . . . .")

---

However, § 1920(4) only allows recovery for copies of exhibits that were necessarily obtained for use in the case. Defendants' own explanation of the costs associated with enlarging the exhibits indicate that they were mere convenience costs, and therefore, I decline to award the Defendants the $617.50 they seek. See *Coleman v. Roadway Express*, 158 F. Supp. 2d 1304, 1309 (M.D. Ala. 2001) ("The court first finds that, for presentation at trial, the. . . charge for enlargements and color copies was not necessary . . . . [Defendant] has produced no evidence showing that the issues at trial were of such complexity or novelty that demonstration to the jury of these enlarged documents could not be accomplished just as successfully by presentation of the letter-size originals.")

As part of its Motion to Tax Costs, Defendants attach receipts for two of its witnesses, Carl Wesley Kirkland, and Lance Neff. (DE 188-4). Defendants seek $565.03 for Carl Wesley Kirkland and $553.03 for Lance Neff. Defendants attach invoices and receipts to support the costs claimed.

    a.  Carl Wesley Kirkland

On the list of expenses accrued by Defendants for Carl Wesley Kirkland's testimony, the Defendants submit receipts confirming the $351.03 hotel room charge and the $9.00 spent for parking. However, the Defendants simply submit the per diem meal rate of $30 for the trial dates of 9/5/22 and $36 for 9/6/22 as opposed to the receipts detailing the actual amount spent by the witnesses on their meals. Because Defendants failed to attach their receipts for the actual costs spent by the witnesses on meals, I am unable to determine if the per diem rate is less than the actual amount spent on food, which would be in line with how district courts generally calculate such a matter. However, as Defendants point out in their Reply, the maximum federal per diem rate in September 2022, when the witnesses testified, was $69.00, as set out by the U.S. General Services Administration. In Florida, under state law, the per diem rate for testifying witnesses depends on the category of travel by the witnesses. In this case, because Kirkland was traveling for a day and a half, he was entitled to $30.00 on the first day (representing lunch and dinner) and $36.00 on trial day (representing breakfast, lunch, and dinner). Because Defendants are only asking for the Court to award the per diem rate under Florida law, and not under the federal standard, I will grant the Defendants these reasonable costs even though they failed to submit the receipts for the actual costs of the meals.

But Defendants also list a catchall "per diem" charge of $80.00 in addition to the per diem meal costs. (DE 188-4 at p. 13) on Kirkland's total expenses. Defendants do not explain how this

charge is different from the per diem food charges, nor are there any receipts submitted indicating what this $80.00 is for. Therefore, I decline to award the Defendants this claimed cost.

    b. Lance Neff

Defendants submit a similar list of expenses for Witness Lance Neff. To support the list, Defendants submit receipts confirming a $351.03 hotel charge, two receipts for $40.00 spent on parking, and a "per diem" meal charge for two and a half days of traveling coming to $102.00. However, once again, the Defendants include a catchall "per diem" charge of $60.00 on Neff's list without detailing or explaining the fee for the Court to determine if it is appropriate. Therefore, I decline to award the Defendants that charge and will subtract it accordingly.

The Defendants also attach a receipt for gas in the amount of $48.23. Although that cost is not accounted for specifically under either witness list, I will assume this was for travel expenses and will tax it accordingly.

Thus, I will award the Defendants $541.26 for Neff, and I will award the Defendants $426.03 for Kirkland. In total, that means the Defendants receive **$967.29** in witness fees in accordance with their actual receipts submitted and the per diem meal charge under Florida law, as opposed to the $1,118.06 requested.

## III. SUBPOENA COSTS

Defendants seek reimbursement for the $325.00 in costs incurred for serving subpoenas and process. (DE 188-1). Plaintiff objects to the fact that Defendants are charging for three service attempts as part of their claimed costs as well as the fact that Defendants are attempting to recover the costs of priority and express services, which are just for the convenience of counsel.

Fees paid to process servers serving summonses and subpoenas are properly taxable under § 1920(1). *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000) (citing § 1920(1)). The Plaintiff claims that § 1920 does not contemplate recovery for costs associated "where service was never successfully affected." (DE 191 at 17). However, district courts frequently tax the costs associated with multiple service attempts under § 1920 so long as the explanation provided by the defendant is that the attempts were reasonably necessary. In Defendants' Reply, they represent that Plaintiff refused to assist in locating a particular witness whose address was not the one reported on the witness's 2019 990 form that he submitted to the IRS. Accordingly, because I find the three subpoena charges were reasonably necessary, I will tax these costs. Therefore, Defendants are entitled to the full **$325.00** they seek for service of multiple subpoenas.

## IV.    DEPOSITION TRANSCRIPT COSTS

Defendants seek $11,737.91 in reimbursement for transcripts of depositions taken in this litigation, transcripts from trial, transcripts and costs for attendance by a court reporter and videographer at the depositions. (DE 188-2). Section 1920(2) provides for the taxation of "fees for printed or electronically recorded transcripts *necessarily obtained* for use in the case." 28 U.S.C. § 1920(2) (emphasis added); *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). The cost of deposition transcripts is taxable under this provision. *BVS Acquisition Co., LLC v. Brown*, No. 12-80247, 2015 WL 12921971, at *3 (S.D. Fla. Aug. 5, 2015) (Middlebrooks, J.) (citing *W&O, Inc.*, 213 F.3d at 620-21).

I have reviewed the deposition costs and find that each of the twelve deposition transcripts were for a witness who either testified at trial or was listed as a trial witness and are recoverable under § 1920. However, Plaintiff argues that the invoices are not detailed enough to show which

8

of the costs are allowed under the statute, particularly if any of the copies were duplicative from the "copy charges" that Defendants already submitted for reimbursement. I agree that several of the invoices that Defendants attached are duplicative of each other. For example, Defendants include copies of multiple invoices for the video deposition of Paul Wright as an individual, (Invoice No. 240694) (DE 188-2, pp. 15, 19–20), and the video deposition charges for Paul Wright as a corporate representative. Defendants also twice include the deposition transcript costs for witness Alan McManus. (*Id.*, pp. 10–11). Such duplicative invoices will not be counted. Further, I am inclined to agree with Plaintiff that common sense suggests many of the charges within the invoices are duplicative. Defendants have already claimed reimbursement for copying and printing every single exhibit that Plaintiff and Defendants produced in discovery. Here they are also claiming they are also entitled to the fees for printing exhibits related to deposing the witnesses. One can presume that they relied on exhibits that were produced in discovery. But because it is unclear whether these charges are completely duplicative, I have decided to account for this by reducing the cost per page that Defendants can claim to $0.10 instead of $0.25.

Therefore, in total, the Defendants are entitled to recover **$7,215.02** in deposition transcript fees.

## V.     TRIAL TRANSCRIPTS COSTS

Defendants seek $3,072.00 for the fees associated with printing transcripts from trial. Trial transcripts may be recoverable under § 1920(2) if necessarily obtained for use in the case. But courts in this circuit are conservative in awarding such costs. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.,* 302 F.3d 1207, 1226 (11th Cir. 2002) (holding that despite the fact the court "do[es] not believe that costs associated with expedited trial transcripts should be allowed as a matter of

course," a district court did not abuse its discretion in awarding them due to the length and complexity of trial); *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1164 (S.D. Fla. 2011) (noting that although daily trial transcripts "should not be awarded as a matter of course," awarding them because the trial "spanned several months" and involved "complex issues of fact.").

Trial in this case lasted two days. Defendants make no argument that the trial involved particularly difficult questions of fact or law. Accordingly, I decline to award the Defendants the fees associated with obtaining transcripts for the two-day bench trial.

## CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that Defendant's Motion (DE 188) is **GRANTED IN PART**. Defendants are awarded $10,563.11 in costs.

**SIGNED** in Chambers at West Palm Beach, Florida, this 5 day of January, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record